UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————
)
ZENO WILLIAMS,                               )
)
            Petitioner,                      )
)
v.                                           )          Civil Action No. 16-12344-LTS
)
ALLISON HALLET,                              )
)
            Respondent.                      )
—————————————————————)

ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS (DOC. NO. 1)

December 1, 2016

SOROKIN, J.

        Petitioner Zeno Williams, an inmate at the Massachusetts Correctional Institution in

Framingham, Massachusetts, has filed a pro se petition seeking a writ of habeas corpus.  Doc.

No. 1.  Williams presents her petition pursuant to 28 U.S.C. § 2254 and lists a 2005 conviction

for first-degree murder, with an associated life sentence, as "the judgment of conviction [she is]

challenging."  Id. at 3.  Her claims, however, do not challenge that conviction or sentence based

on alleged violations of federal law; rather, she lists four "grounds" urging the Court to order her

deportation pursuant to a 2009 removal order or to reduce her life sentence to a term of fifteen

years, thereby permitting her to be released and deported in early 2017.[1]  Id. at 8-14, 19.

—————————————————

[1] Williams does not specify the country to which she wishes to return.  In 2014, Williams filed a
motion with another session of this Court in which she sought an order permitting her
deportation to Jamaica.  Mot. Permit Deportation, ECF No. 1, United States v. Williams, No. 14-
cv-12226-FDS (D. Mass. May 20, 2014).  That motion was denied as "not properly before the
Court" and "frivolous."  Order, ECF No. 4, United States v. Williams, No. 14-cv-12226-FDS (D.
Mass. Nov. 24, 2014).

This Court is not empowered – by § 2254 or otherwise – to grant the relief Williams requests.  The rules and statutes cited by Williams neither permit this Court to order her immediate removal from the United States despite a valid and uncompleted state-court sentence, nor authorize this Court to revise a sentence lawfully imposed by a state court after conviction of a state crime.  See 8 U.S.C. § 1228 (permitting *the Attorney General* to effect removal of "criminal aliens," but not mandating it before the expiration of any sentence of incarceration; and permitting federal courts to enter judicial orders of removal *at the time of sentencing* and *upon request of the United States Attorney*); 18 U.S.C. § 3563(b)(21) (permitting a federal court to order deportation as a condition of a sentence of *federal probation* imposed after conviction of a *federal crime* under certain circumstances); 18 U.S.C. § 3583(d) (permitting a federal court to order deportation as a condition of a sentence of *federal supervised release* imposed after conviction of a *federal crime*); cf. 28 U.S.C. § 2254 (giving federal courts jurisdiction to entertain habeas petitions alleging that a state inmate "is in custody in violation of the Constitution or laws or treaties of the United States").[2]

Accordingly, Williams's petition is DISMISSED.[3]

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] Williams also appears to cite a Federal Rule of Criminal Procedure, but the Court is unable to determine which Rule she intended to invoke.  See Doc. No. 1 at 14 (referencing "Federal Ruling Cr R 32 45(22)").  In any event, the Federal Rules of Criminal Procedure had no application to her state criminal proceedings, nor would they empower this Court to award the relief she seeks in these federal habeas proceedings.

[3] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), and based on the circumstances described above, no certificate of appealability shall issue.